## Thomas R. Brown v. Mutual Reserve Fund Life Association.

### Gen. No. 12,155.

1. GOOD STANDING—*when burden upon insured to prove.* Where an insurance company takes over the insurance contracts of another as to all of its members in good standing at the time of the contract of re-insurance, a plaintiff seeking to avail of such contract has the burden of establishing that he was at the time of the execution of such contract in good standing in the company whose contracts were so re-insured.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed January 30, 1906.

LOUIS E. HART, for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER and C. E. CLEVELAND, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The Northwestern Life Assurance Company is an assessment insurance company, subject to the statutes of Illinois relating to such companies. In April, 1899, Thomas Brown held two certificates of said company in which the plaintiff was the beneficiary. At that time disputes arose between the assured and the Northwestern Company as to the amount due from him to that company and he refused to pay the amounts then demanded upon assessments theretofore made and thereafter did not pay either such assessments or the assessments thereafter made by the Northwestern Company. In August, 1900, sixteen months after the assured had so ceased to pay his assessments, the Northwestern Company entered into a reinsurance contract with appellee, which was approved by a two-thirds vote at a meeting of the members of the Northwestern Company September 1, 1900. The assured lived until January 16, 1902, sixteen months after the contract was so approved, but he did not pay nor offer to pay at any time, either to appellee or to the Northwestern Company, any of the assessments made after April, 1899.

This is an appeal by the plaintiff from a judgment upon a directed verdict for the defendant in an action brought against appellee upon said two benefit certificates of the Northwestern Life Assurance Company. The reinsurance contract was put in evidence by the plaintiff and among its various provisions is the following:

"Said company has and does hereby tender to said association, as members of said association, each and all of its living members who, by its books and records, are in good standing * * * and * * * who may keep and continue their respective insurance in force by paying the premium calls of said association, in accordance with its calls, rules and by-laws now in force or hereafter to be established, and in accordance with the conditions of this agreement. * * *

And the said association on its part agrees to accept and does hereby accept as its members, all of the members of said company who are in good standing at the date and hour of the day this contract is ratified and approved by the mem-

bers of said company, as aforesaid, as shown by the books and records of said company, upon the terms and conditions herein provided."

The contract of the defendant sued on was not a contract of the defendant with the assured, or with the plaintiff, but a contract between the defendant and the Northwestern Company. By its terms the defendant contracted with the Northwestern Company, not to accept all of the members of that company as members of the defendant company, but only to "accept as its members all of the members of said company who are in good standing at the date and hour this contract is ratified and approved by the members of said company, as aforesaid, as shown by the books and records of said company." Under the contract we think that the burden was upon the plaintiff to prove that the assured was at the date of the approval of the contract between the companies a member of the Northwestern Company in good standing, "as shown by the books and records of said company."

The plaintiff offered no evidence tending to show that the assured was at such date a member in good standing of the Northwestern Company as shown by the books and records of that company, but contends that the burden of proving that the assured was not at the date of the approval of said contract, a member in good standing of the Northwestern Company, rested upon the defendant. The contention cannot, in our opinion, in view of the terms of the contract between the defendant and the Northwestern Company, be sustained, and a verdict for the defendant was therefore properly directed.

If the action had been against the Northwestern Company, or if the defendant company had at any time accepted from the assured an assessment, a different question would be presented.

We find no reversible error in the rulings of the court upon questions of evidence.

The judgment of the Superior Court will be affirmed.

*Affirmed.*